# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5351 | **DATE** | 11/5/2003 |
| **CASE TITLE** | WILLIE BODIE, JR. and DIANE BODIE vs. AMERICAN AIRLINES, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss is denied. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV - 6 2003 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| ✓ | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| LG | courtroom deputy's initials | 03 NOV -5 PM 5:00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIE BODIE, JR. and DIANE BODIE, )
)
Plaintiffs, )
)
vs. ) No. 03 C 5351
)
AMERICAN AIRLINES, INC., AMERICAN )
EAGLE AIRLINES, INC., JH INDUSTRIES, )
INC., HI-WAY, INC., )
)
Defendants. )

DOCKETED
NOV - 6 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action against defendants alleging that negligence in the design, manufacture and use of a loading ramp caused plaintiff Willie T. BODIE (BODIE) to fall from the ramp and suffer injuries. Defendants American Airlines, Inc. (American) and American Eagle Airlines, Inc. (Eagle) filed a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), arguing that plaintiffs fail to state a claim for negligent design against them. For the following reasons, defendants' motion is denied.

## BACKGROUND

BODIE was employed as a food handler for SkyChefs, Inc., which provides catering services to defendants American and Eagle. Part of his duties included using ramps to load and unload food carts onto planes owned and operated by these defendants. Plaintiff alleges that American and Eagle made modifications to the loading ramps to improve the fit into the planes. He claims that, on April 10, 2000, these modifications caused a ramp to become dislodged from a plane and caused him to fall approximately 25 feet. He further alleges that

an earlier incident involving another SkyChefs worker should have made the defendants aware of the dangers caused by their modification and use of the ramps.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. <u>Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund</u>, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. <u>Ellsworth v. City of Racine</u>, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Defendants American and Eagle argue that plaintiffs fail to state a claim against them for product liability against them because a negligent design claim requires that a product be defective when it leaves the *manufacturer's* control. Plaintiffs/ claim, however, is not one for product liability. Instead, they state two claims against American and Eagle, both for simple negligence arising from the modification and use of the loading ramps. Plaintiffs allege a duty, a breach of that duty and resulting damages, thereby sufficiently stating a claim for negligence. In their reply brief, defendants seem to concede this point and ask us only to strike the paragraphs from the complaint alleging that American and Eagle modified the design of the ramp to serve their purposes. We find no reason to do so. While plaintiffs admit that American and Eagle (unlike the other defendants) are not in the business of designing and manufacturing ramps, they properly allege that they modified and used the ramps in a

dangerous manner.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied.

                                                                                JAMES B. MORAN
                                                         Senior Judge, U. S. District Court

Nov. 5, 2003.